DAVID G. EPSTEIN (SBN 84356)
depsteinlaw@icloud.com
**THE DAVID EPSTEIN LAW FIRM**
PO Box 4858
Laguna Beach, CA 92652-4858
(949) 715-1500 Fax (949) 715-2570

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| JOHN D. THOMAS,<br><br>Plaintiff,<br>vs.<br><br>LEAGLE, INC., a former Arkansas corporation; and DOES 1-25,<br><br>Defendants. | Case No.<br>Assigned for all purposes to:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; JURY DEMAND** |

Plaintiff alleges:

**GENERAL ALLEGATIONS**

1. **Summary of Allegations.** Defendants maintain an internet website that purports to provide information about legal cases. Defendants published and continue to publish information regarding a legal case against plaintiff which left the false impression that judgment was in effect against him, including for fraud, when in fact the case was dismissed. In spite of amicable demand, defendant failed and resumed to





The David Epstein Law Firm

remove or correct the information, causing damage to plaintiff's reputation and business interests. Plaintiff seeks monetary damages and equitable relief.

2. **Parties: Plaintiff.** John D. Thomas ("Thomas") is an individual and a resident of the State of California. Thomas is not a public figure.

3. **Defendants.**

a. LEAGLE, INC. ("Leagle") was a corporation formerly registered in the State of Arkansas, whose standing is now revoked. Plaintiff is informed and believes that its principal place of business at all relevant times, was and is in Arkansas.

b. Plaintiff does not know the true names and capacities of the defendants sued as Does 1-25, and therefor sues them under those fictitious names. Upon learning their true names and identities, plaintiff will amend the complaint to allege the same. Each fictitious defendant is in some way responsible for the wrongs alleged herein. At all relevant times, each defendant was acting as the authorized, apparent, and ostensible agent of Leagle.

4. **Jurisdiction**. This court has jurisdiction over this matter under the diversity provisions of 28 USC §1332. The amount in controversy exceeds $75,000.

5. **Venue**. Venue is properly lain in this court pursuant to 28 USC §1391(b)(2) in that the publication that is the basis of plaintiff's claim was done in California, among other places, and the injury to plaintiff took place in California.

6. At all relevant times, up to and including the date of this complaint, defendants maintained an internet website at www.leagle.com, which purported to publish information regarding litigation in various courts, including the Fourth District Court of Appeal, Division Three, in Santa Ana, California.

6. Defendants published and continue to publish a report on a lawsuit whose short title is *Modarres v. Thomas,* whose trial court case number was 07CC03908, and whose appellate number was G048684/G050017. A true copy of this report as posted on February 1, 2023 at www.leagle.com/decision/incaco20150413036., is attached as

The David Epstein Law Firm



The David Epstein Law Firm

Exhibit 1 and incorporated in this paragraph by reference as if it was set forth in full. Among other things, the matter published states that plaintiff Thomas was adjudged guilty of civil fraud in the lawsuit and implies that this finding was final and in effect.

7. After the Court of Appeal ruled on the matter and the case was remanded to the Superior Court, the lawsuit was dismissed with prejudice, and the previous judgment was of no force and effect whatsoever. The matter published by defendants failed to disclose this fact, and created the false impression that a final judgment has issued finding that Thomas was guilty of civil fraud.

8. Thomas personally, and through agents and counsel, communicated with defendant Leagle by mail, email, and telephone, requesting that Leagle take action to correct this false impression. Leagle failed and refused to respond and did not change or correct its posted material.

9. By reason of this publication, Leagle falsely implied that Thomas had been finally adjudged guilty of civil fraud, and was held for punitive damages.

10. At all relevant times Thomas has been and is self-employed as a real estate developer, developing infill residential projects in North San Diego and Riverside Counties. His projects require him or the limited liability companies he controls to obtain financing for obtaining entitlements and for construction of the projects.

11. As a direct and proximate result of Leagle's misleading publication and its failure to correct or remove it, Thomas's professional reputation has been damaged by the false impression that he was finally adjudged guilty of civil fraud and held for punitive damages. In particular, the publication deterred lenders from lending to him, resulting in delays in the financing of one or more of his projects, with the result that the interest rates and other terms he was charged increased. Accordingly, he was damaged, and continues to be damaged, in an amount subject to proof, in excess of $75,000.

**First Cause of Action**

**(Defamation)**



12. Plaintiff realleges Paragraphs 1 through 11, inclusive, hereinabove, and incorporates them by reference as if they were set forth in full.

13. The publication alleged hereinabove was false, in that it communicated that Thomas had been finally adjudged guilty of civil fraud and held for punitive damages, which was never the case.

14. The false publication injured Thomas in his professional and business reputation.

15. The false publication caused Thomas to suffer consequential damages in an amount subject to proof but in excess of $75,000, as a result of delays in obtaining financing for his projects and in incurring increased interest rates when financing was finally obtained.

16. The false publication was an act of malice, especially after Thomas informed defendants of the dismissal of the subject lawsuit and the nonexistence of any judgment against him therein. Accordingly, Thomas is entitled to recover punitive and exemplary damages in an amount subject to proof.

17. Further, Thomas is entitled to a preliminary and permanent injunction forbidding defendants to publish the matter in question unless there is a visible and clear clarification that the case was dismissed.

**Second Cause of Action**

**(False Light Invasion of Privacy)**

18. Plaintiff realleges Paragraphs 1 through 17, inclusive, hereinabove, and incorporates them by reference as if they were set forth in full.

19. The publication in question placed Thomas before the public and before the real estate development and lending communities, in a false light, namely as a person adjudged guilty of civil fraud.

20. The false publication caused Thomas to suffer consequential damages in an amount subject to proof but in excess of $75,000, as a result of delays in obtaining

The David Epstein Law Firm



The David Epstein Law Firm

financing for his projects and in incurring increased interest rates when financing was finally obtained.

21. The publication was an act of malice, especially after Thomas informed defendants of the dismissal of the subject lawsuit and the nonexistence of any judgment against him therein. Accordingly, Thomas is entitled to recover punitive and exemplary damages in an amount subject to proof.

22. Further, Thomas is entitled to a preliminary and permanent injunction forbidding defendants to publish the matter in question unless there is a visible and clear clarification that the case was dismissed.

**Wherefore**, plaintiff prays for relief as follows:

1. For consequential damages in an amount subject to proof but in excess of $75,000;

2. For punitive and exemplary damages in an amount subject to proof;

3. For a preliminary and permanent injunction forbidding defendants to publish the matter in question unless there is a visible and clear clarification that the case was dismissed; and

4. For such other and further relief as may seem just and proper to this court.

Respectfully submitted,

**The David Epstein Law Firm**

Dated: February 2, 2023

________________________

David G. Epstein
Attorneys for Plaintiff



**Demand for Jury Trial**

Plaintiff demands a jury trial in this action.

Respectfully submitted,

**The David Epstein Law Firm**

Dated: February 2, 2023

________________________
David G. Epstein
Attorneys for Plaintiff





The David Epstein Law Firm

**Exhibit 1**

