DAVID G. EPSTEIN (SBN 84356)
depsteinlaw@icloud.com
**THE DAVID EPSTEIN LAW FIRM**
PO Box 4858
Laguna Beach, CA 92652-4858
(949) 715-1500 Fax (949) 715-2570

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| JOHN D. THOMAS, | Case No. |
|---|---|
| Plaintiff, | Assigned for all purposes to: |
| vs. | **NOTICE OF MOTION AND MOTION FOR LEAVE TO SERVE DEFENDANT BY ALTERNATE MEANS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| LEAGLE, INC., a former Arkansas corporation; and DOES 1-25, | |
| Defendants. | Date: April 17, 2023<br>Time: 8:30 am<br>Courtroom: 10A<br><br>Case filed: February 7, 2023<br>Trial date not set |

- 1 -

Motion re Service

**To the honorable court:**

Please take notice that on April 17, at 8:30 am or as soon thereafter as counsel may be heard, in Courtroom 10A located at 401 W. 4th St., Santa Ana, CA, plaintiff will move for an order authorizing service upon defendant Leagle, Inc. by electronic communication on its website.

This motion is based upon this notice, the within memorandum of points and authorities, the separately filed Declaration of David G. Epstein, all the files and records in this case, and such other and further matters as may be presented to the court. A proposed order has been uploaded to the court.

Respectfully submitted,

**The David Epstein Law Firm**

/s/ *David G. Epstein*

Dated: March 24, 2023

_____
David G. Epstein
Attorneys for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. Introduction.

This is a motion for leave to serve the summons and complaint by uploading it to the defendant's website. This action concerns defamation and false light privacy based upon internet postings by defendant Leagle, Inc. ("Leagle"). As is set forth in more detail below, Leagle has taken steps to hide its identify and location.

Attempted personal service failed because the former agent for service of process has withdrawn. Leagle has registered its web domain name through a service that disguises its identify and address information.

The Federal Rules allow for service of an out-of-state entity by any means permitted in it state of domicile. Arkansas, where Leagle was incorporated, allows for service by such means as a court may find just. Ninth Circuit precedents permit a court order for electronic service in appropriate circumstances.

## 2. Facts.

Defendant Leagle, Inc. ("Leagle") was an Arkansas corporation. Its status is listed as "revoked." Personal service was attempted upon its former agent for service of process. Investigation of its internet domain name at "Whois," discloses that its listed owner is a service, Perfect Privacy, LLC, whose stated purpose is to conceal the identity of the owner of the domain name.

One individual, Komal Mustafa, is listed with the Arkansas Secretary of State as connected with the entity. Although investigation has disclosed two individuals with that name who have Texas addresses, it has been impossible to confirm that either is likely to be the person listed on the Arkansas website.

The entity's website itself provides no address, but a "contact" page permits the uploading of emails, which appears to be the only means for persons strangers to the entity to contact it.

- 3 -

Memorandum of Points and Authorities

### 3. The Rules and the Law Permit the Court to Allow Service in the Requested Manner.

Federal Rule of Civil Procedure 4(e)(1) permits service on an individual by "following state law for service of a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . ."

Rule 4(h) allows service upon a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual . . . "

Arkansas Rule of Civil Procedure 4(i)(4) provides that service may be made as follows:

> *Service as Directed by Court Order.* On motion without notice and after a showing by affidavit or other proof as the court may require that, despite diligent effort, service cannot be made by the methods authorized by this rule, the court may order service by any method or combination of methods reasonably calculated to apprise the defendant of the action . . .

It follows that if this court concludes that the manner of service proposed in this motion is reasonably calculated to apprise the defendant of the action, such service is proper.

Service by electronic means has been approved in the Ninth Circuit as compatible with due process:

> [A] method of service of process must also comport with constitutional notions of due process. To meet this requirement, the method of service crafted by the district court must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (Jackson, J.).

- 4 -

Memorandum of Points and Authorities

> Without hesitation, we conclude that each alternative method of service of process ordered by the district court was constitutionally acceptable. In our view, each method of service was reasonably calculated, under these circumstances, to apprise RII of the pendency of the action and afford it an opportunity to respond.

*Rio Properties v. Rio Intern Interlink* (9th Cir. 2002) 284 F.3d 1007, 1016-17.

Although this case concerned service upon a foreign corporation outside the United States under Rules 4(h)(2) and 4(f)(3), rather than 4(h) and 4(e)(1), the holding is relevant here—that in a proper case, electronic service is consistent with "constitutional notions of due process." Such service here is just as consistent with notions of due process as in *Rio Properties*.

## 4. Conclusion.

This defendant has made efforts to conceal its identity and location, but invites contact through its website in a manner identical to that proposed in this motion.

The Rules and the Arkansas Rules permit the court to authorize service by appropriate methods. The Ninth Circuit has approved electronic service in a proper case a consistent with constitutional notions of due process.

Accordingly, plaintiff respectfully requests the court to grant its motion and authorized service through the "Contact" section of its website.

Respectfully submitted,

**The David Epstein Law Firm**

Dated: March 24, 2023          /s/ *David G. Epstein*