Eugene Volokh
UCLA School of Law
385 Charles E. Young Dr. E
(310) 206-3926
Fax (310) 206-7010
volokh@law.ucla.edu
*Counsel for Proposed Amici Free Law Project, Foundation for Individual Rights and Expression, and Eugene Volokh*

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| JOHN D. THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>LEAGLE, INC., a former Arkansas corporation; and DOES 1-25,<br><br>    Defendants. | Case No. 8:23-cv-00236-DOC-JDE<br><br>EX PARTE APPLICATION FOR LEAVE TO FILE A BRIEF *AMICI CURIAE*<br><br>Before: Hon. David O. Carter<br>Courtroom: 10 A<br>Oral Argument Waived, per L.R. 7-15<br><br>Complaint Filed: Feb. 7, 2023 |

Free Law Project, the Foundation for Individual Rights and Expression, and Eugene Volokh apply for leave to file a brief *amici curiae* opposing plaintiff's request for entry of default judgment. This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on July 31, 2023. Plaintiff's counsel does not consent to the motion; counsel also tried to reach defendant by e-mail at *info@leagle.com* and by a web submission at http://leagle.com, but has not heard back. Counsel for plaintiff is:

1

David G. Epstein
The David Epstein Law Firm
P.O. Box 4858
Laguna Beach CA 92652-4858
(949) 715-1500
depsteinlaw@icloud.com

Counsel for proposed *amici* does not know whether defendants have counsel. *See* App.: Decl. of Eugene Volokh ¶ 1.

## Memorandum of Points and Authorities

This Court "has broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). It follows that this Court likewise has broad discretion to accept amicus briefs.

> An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other cases that may be affected by the decision in the present case . . . or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.

*Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997); *see also Duronslet v. Cnty. of Los Angeles*, No. 2:16-cv-08933-ODW(PLAx), 2017 WL 5643144, *1 (C.D. Cal. Jan. 23, 2017) (following this approach); *Bostick v. Herbalife Int'l of Am., Inc.*, No. 13-cv-2488-BRO(SHx), 2015 WL 12731932, *11 n.13 (C.D. Cal. May 14, 2015). In this case,

1. Leagle is unrepresented, so this brief may offer this court a helpful adversarial presentation.

2

2. Proposed *amici* have a stake in the matter, because if plaintiff prevails, that decision may affect them as well in future cases. Free Law Project, which runs CourtListener and the RECAP service, has posted millions of court documents online. FIRE, a leading First Amendment advocacy group, posts articles about important court cases, including ones in which it was involved. Volokh, who writes the Volokh Conspiracy blog at the *Reason* Magazine site, http://reason.com/volokh, also routinely writes about cases and posts extended excerpts. All of them could thus face the risk of litigation, under plaintiff's legal theory, if one of the cases they write about ends up getting settled. *See* App.: Decl. of Eugene Volokh ¶¶ 2-6.

3. Proposed *amici* FIRE and Volokh are particularly knowledgeable on First Amendment law. Indeed, Volokh is the author of *Libel by Omission of Exculpatory Legal Decisions*, 97 Notre Dame L. Rev. 351 (2021), an article that bears on the legal issue in this case, and also filed an *amicus* brief in *Petro-Lubricant Testing Laboratories, Inc. v. Adelman*, 184 A.3d 457 (N.J. 2018), a precedent that likewise bears on the legal issue. *See* App.: Decl. of Eugene Volokh ¶¶ 7-9.

This application is being filed as an ex parte application consistently with this Court's practice in past cases. *See, e.g.*, Order Granting Ex Parte Application to File Amicus Brief filed by NAACP-Compton Branch et al., No. 2:20-cv-02291 (Mar. 4,

2021). Proceeding by ex parte application also allows the proposed opposition to be submitted by 21 days before the motion hearing date, and for plaintiff to file reply papers by 14 days before the motion hearing date. L.R. 7-9 & 7-10.

For these reasons, this Court should grant the application of the proposed *amici* and consider their proposed opposition to plaintiff's request for entry of default judgment.

Respectfully submitted,

s/ Eugene Volokh
Eugene Volokh, pro se
First Amendment Clinic
UCLA School of Law
385 Charles E. Young Dr. E
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu
Counsel for Proposed *Amici Curiae*

## Certificate of Service

I certify that on September 20, 2023, I filed this document by CM/ECF, and also served it on Leagle "by accessing the 'contact us' page on its website and . . . linking" the filed documents, as apparently contemplated by this Court's order of Apr. 14, 2023 (ECF No. 17).

s/ <u>Eugene Volokh</u><br>Eugene Volokh

## Certificate of Compliance

The undersigned, counsel of record for proposed *amici*, certifies that this memorandum of points and authorities contains 488 words, which complies with the word limit of L.R. 11-6.1.

s/ <u>Eugene Volokh</u><br>Eugene Volokh

## Appendix: Declaration of Eugene Volokh

I declare under penalty of perjury:

1. This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on July 31, 2023. Plaintiff's counsel does not consent to the motion; counsel also tried to reach defendant by e-mail at *info@leagle.com* and by a web submission at http://leagle.com, but has not heard back. Counsel for plaintiff is:

> David G. Epstein
> The David Epstein Law Firm
> P.O. Box 4858
> Laguna Beach CA 92652-4858
> (949) 715-1500
> depsteinlaw@icloud.com

Counsel for proposed *amici* does not know whether defendants have counsel.

2. Proposed *amici* have a stake in the matter, because if plaintiff prevails, that decision may affect them as well in future cases.

3. Free Law Project, which runs CourtListener and the RECAP service, has posted millions of court documents online.

4. FIRE, a leading First Amendment advocacy group, posts articles about important court cases, including ones in which it was involved.

5. Volokh, who writes the Volokh Conspiracy blog at the *Reason* Magazine site, http://reason.com/volokh, also routinely writes about cases and posts extended excerpts.

6. All of them could thus face the risk of litigation, under plaintiff's legal theory, if one of the cases they write about ends up getting settled.

7. Proposed *amici* FIRE and Volokh are particularly knowledgeable on First Amendment law.

8. Volokh is the author of *Libel by Omission of Exculpatory Legal Decisions*, 97 Notre Dame L. Rev. 351 (2021), an article that bears on the legal issue in this case.

9. Volokh also filed an *amicus curiae* brief in *Petro-Lubricant Testing Laboratories, Inc. v. Adelman*, 184 A.3d 457 (N.J. 2018), in the state trial court, the state intermediate appellate court, and the state supreme court; the New Jersey Supreme Court's decision likewise bears on the legal issue in this case.

s/ Eugene Volokh<br>
Eugene Volokh