Eugene Volokh
UCLA School of Law
385 Charles E. Young Dr. E
(310) 206-3926
Fax (310) 206-7010
volokh@law.ucla.edu
*Counsel for Proposed Amici Free Law Project, Foundation for Individual Rights and Expression, and Eugene Volokh*

### IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| JOHN D. THOMAS, <br><br> Plaintiff, <br><br> v. <br><br> LEAGLE, INC., a former Arkansas corporation; and DOES 1-25, <br><br> Defendants. | Case No. 8:23-cv-00236-DOC-JDE <br><br> BRIEF *AMICI CURIAE* OPPOSING REQUEST FOR ENTRY OF DEFAULT JUDGMENT <br><br> Before: Hon. David O. Carter <br> Courtroom: 10 A <br><br> Complaint Filed: Feb. 7, 2023 |

**1.** "'. . . [C]laims which are legally insufficient[] are not established by default.' *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir.1992)." *Growler Station, Inc. v. Foundry Growler Station, LLC*, No. SA CV 18-0433-DOC(DFMx), 2018 WL 6164301, *4 (C.D. Cal. July 19, 2018). A district court should deny a motion for default judgment when "the complaint lack[s] merit as to the substantive claims and [is] insufficient." *Arizona Bd. of Regents v. Doe*, No. 21-16525, 2022 WL 1514649, *2 (9th Cir. May 13, 2022) (citing *Eitel v. McCool*, 782 F.2d 1470,

1471-72 (9th Cir. 1986)). Indeed, the *Arizona Bd. of Regents* decision upheld not only a district court's denying a motion for default judgment on these grounds, but also the district court's "dismissing [plaintiff]'s complaint sua sponte without leave to amend and without providing notice because amendment would have been futile." *Id.* at *1 (citing *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981)).

**2.** Plaintiff's claims are indeed legally insufficient: The fair report privilege allows the republication of court opinions, with no need to note that the matter had been settled or dismissed pursuant to a settlement. As the Second Circuit noted,

> The purpose of providing immunity to fair and true reports of judicial proceedings is said to be to encourage the dissemination of information concerning the judicial branch of government and thereby to serve the public interest in having proceedings of courts of justice public, not secret, for the greater security thus given for the proper administration of justice.

*Beary v. West Publishing Co.*, 763 F.2d 66, 68 (2d Cir. 1985) (cleaned up) (quoting "the concurring and dissenting opinion of Justices Mollen and Titone" in a New York intermediate appellate case, "which on appeal was adopted by the New York Court of Appeals as the basis for its reversal"). The Second Circuit went on to hold that, "[s]ince West's Advance Sheet publication of [an] opinion reproduced it precisely as written by the judge," the report was covered by the fair report privilege. *Id.* The court was applying New York law, but there is no reason to believe that California law would differ on this score. And the court noted that this was true for "unofficial" reporters, such as the West reporters, and not just the official ones. *Id.*

at 69. This logic would thus extend to reprinting by Leagle, Google Scholar, Findlaw, and any other such entity.

No precedent, to *amici*'s knowledge, holds that publishers of court opinions have a duty to update those opinions in light of any later developments—even highly significant ones, such as acquittals. Westlaw and Lexis, for instance, generally note developments that bear on the *precedential force* of an opinion (whether as binding precedent or persuasive precedent), such as reversals or overrulings, but not purely factual developments, such as that the defendant was acquitted by a jury on retrial. There is great public value in allowing the neutral publication of entire court opinions, as written, without requiring the publishers to add new information that does not appear in the opinion.

**3.** But in any event, even for people who merely publish excerpts or summaries of court filings, the fair report privilege does not require any notations about a settlement or a dismissal pursuant to a settlement, because:

> A settlement of the lawsuit . . . is not an adjudication of the truth or falsity of a complaint's allegations. . . . A settlement . . . is different from a favorable verdict. A settlement generally "reflects ambiguously on the merits of the action" and is not a determination of whether the allegations are true or false. *See McCubbrey v. Veninga*, 39 F.3d 1054, 1055 (9th Cir. 1994) (quoting *Pender v. Radin*, 23 Cal.App.4th 1807, 29 Cal.Rptr.2d 36, 40 (1994)).

*Petro-Lubricant Testing Labs., Inc. v. Adelman*, 184 A.3d 457, 472 (N.J. 2018). For that reason, even if "[t]he fair report privilege may not protect a publication that only reprints the allegations but not the favorable verdict," the fair report privilege does

3

protect a publication that reprints the court's decision but without noting a later settlement. An article that mentions the allegations and not the settlement remains "a full, fair, and accurate account of a court-filed complaint . . . and is protected by the fair report privilege." *Id.* This reasoning is, if anything, even more compelling when the defendant published not just a summary of a complaint but the full text of an entire court opinion.

Defendants' continuing to host the *Modarres v. Thomas* court opinion, without any notation about a settlement or a dismissal pursuant to the settlement, is thus not libel; a default judgment would therefore be legally unjustified. And any injunction as part of a default judgment would thus be unconstitutional: An injunction against defamation can at most restrict "repeating the same or effectively identical statements found to be defamatory." *Ferguson v. Waid*, 798 F. App'x 986, 989 (9th Cir. 2020).

For these reasons, the request for entry of default judgment should be denied.

Respectfully submitted,

s/ Eugene Volokh
Eugene Volokh, pro se
First Amendment Clinic
UCLA School of Law
385 Charles E. Young Dr. E
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu
Counsel for Proposed *Amici Curiae*

## Certificate of Service

I certify that on September 20, 2023, I filed this document by CM/ECF, and also served it on Leagle "by accessing the 'contact us' page on its website and . . . linking" the filed documents, as apparently contemplated by this Court's order of Apr. 14, 2023 (ECF No. 17).

s/ Eugene Volokh<br>
Eugene Volokh

## Certificate of Compliance

The undersigned, counsel of record for proposed *amici*, certifies that this brief contains 839 words, which complies with the word limit of L.R. 11-6.1.

s/ Eugene Volokh<br>
Eugene Volokh