UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-CV-00236-DOC-JDEx                                          Date:  October 23, 2023

Title: JOHN D. THOMAS V. LEAGLE, INC. ET AL

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER DENYING MOTION FOR DEFAULT JUDGMENT [32]**

Before the Court is Plaintiff John Thomas ("Plaintiff" or "Thomas") Motion for Default Judgment ("Motion" or Mot.") (Dkt. 32). The Court finds this matter suitable for resolution without oral argument. Fed R. Civ. P. 78(b); L.R. 7-15. After considering Plaintiff's argument, the Court DENIES the Motion.

**I.   Background**

The following facts are taken from Plaintiff's Complaint ("Compl.") (Dkt. 1).

Defendant Leagle, Inc. ("Defendant" or "Leagle") operates a website that provides information about legal cases, including publishing copies of judicial opinions. Compl. ¶ 1. Legale published a trial court order where Plaintiff was found liable for fraud in a California state trial court. *Id.* ¶¶ 6-7. An appellate court subsequently reversed the trial court, and the case against Plaintiff was dismissed with prejudice. *Id.* Defendant did not update its report of the trial court's opinion to indicate that the opinion was reversed and Plaintiff was not liable for fraud. According to Plaintiff, the Leagle's reporting "created the false impression that a final judgment has issued finding that Thomas was guilty of civil fraud." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-CV-00236-DOC-JDEx                                           Date: October 23, 2023

Page 2

After unsuccessfully trying to persuade Leagle to remove its report or update it, Plaintiff filed this lawsuit. Plaintiff alleges Defendant's allegedly misleading reporting constituted defamation, *id.* ¶¶ 12-17, and "false light invasion of privacy." *Id.* ¶¶ 22.

Despite being served with the Complaint, *see* Proof of Service (Dkt. 18), Defendant never filed an answer or otherwise defended against Plaintiff's suit. Accordingly, Plaintiff moved for default judgment. In his Motion, Plaintiff seeks nominal damages of one dollar, costs of suit, and a permanent injunction prohibiting Defendant from publishing the state trial court opinion without a disclaimer that the action was later dismissed with prejudice. Mot. at 3-4.

## II.     Legal Standard

Federal Rule of Civil Procedure 55(b) provides that the Court may, in its discretion, order default judgment following the entry of default by the Clerk. Fed. R. Civ. P. 55(b). Local Rule 55 sets forth procedural requirements that must be satisfied by a party moving for default judgment. C.D. Cal. R. 55. Entry by the Clerk is proper when the amount of damages is "for a sum certain or a sum that can be made certain by computation"; entry by the Court is proper "[i]n all other cases." Fed. R. Civ. P. 55(b). Upon entry of default, the well-pleaded allegations of the complaint are taken as true, with the exception of allegations concerning the amount of damages. *See, e.g.*, *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleading, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the Court may require the moving party to produce evidence in support of the motion for default judgment. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

When deciding whether to enter default judgment, courts consider seven factors:

> (1) the possibility of prejudice to the plaintiff;
> (2) the merits of plaintiff's substantive claim;
> (3) the sufficiency of the complaint;
> (4) the sum of money at stake in the action;
> (5) the possibility of a dispute concerning material facts;
> (6) whether the default was due to excusable neglect; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-CV-00236-DOC-JDEx                                  Date: October 23, 2023

Page 3

>   (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

In most cases, no one *Eitel* factor will be dispositive. However, the Ninth Circuit has made clear that the second and third factors—which test the legal merits of Plaintiff's claims—are dispositive when plaintiff's claims are "legally insufficient." *Cripps v. Life Ins. Co. of North Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (affirming the district court's decision not to enter default where the plaintiff's claims "lack[ed] merit"); *Eitel*, 782 F.2d at 1472 (denial of default was proper where district court had "serious reservations about the merits" of the plaintiff's claim).

### III. Discussion

Plaintiffs allege that Defendant's report of the trial court order where Plaintiff was found liable for fraud constitutes defamation and false light given that the ruling was reversed on appeal and the case dismissed with prejudice. Plaintiff does not claim that Defendant inaccurately reported the trial court's order but rather that the report was misleading and incomplete. Because the Court has "serious reservations about the merits" of Plaintiff's claims, the Court denies the motion for default judgment. *See Eitel*, 782 F.2d at 1472.

"The fair report privilege confers an absolute privilege on any fair and true report in, or a communication to, a public journal of a judicial proceeding, or anything said in the course thereof." *Healthsmart Pac., Inc. v. Kabateck*, 7 Cal. App. 5th 416, 431 (2016). "'Fair and true' in this context does not refer to the truth or accuracy of the matters asserted in the judicial proceedings, but rather to the accuracy of the challenged statements with respect to what occurred in the judicial proceedings." *Id.* at 434. When the privilege applies, the reported statements are "absolutely privileged regardless of the defendants' motive for reporting" them. *Hawran v. Hixson*, 209 Cal. App. 4th 256, 278 (2012).

Here, Legale's publication of the trial court order finding Plaintiff liable for civil fraud is unquestionably a "fair and true" reflection of what happened during a judicial proceeding. Although the order that Legale published was reversed, the appellate court's reversal does not change the fact that Plaintiff was found liable in the trial court, and thus

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-CV-00236-DOC-JDEx                                   Date: October 23, 2023

Page 4

does not alter the accuracy of Legale's reporting. Thus, Leagle's reporting is protected by the fair report privilege and the motion should be denied.

Finding liability here would also be inconsistent with the fair report privilege's purpose. The fair report privilege is an exception to the normal common-law position that one who republishes a libel adopts it as his own and becomes liable as if he were the originator of the defamation. *See Khawar v. Globe Intern., Inc.*, 19 Cal.4th 254, 268 (1998). The fair report privilege departs from this common law rule because of the public's interest in knowing what happens in courtrooms. *See Ross v. Santa Barbara News-Press*, 32 Media L. Rep. (BNA) 1025, 2003 WL 22220512 (Cal. App. 2d Dist. 2003); *Butler v. Hearst-Argyle Television*, 49 S.W.3d 116, 119 (2001) ("[T]he basis of the privilege is the interest of the public in having information made available to it as to what occurs in official proceedings."). Holding a reporter liable for repeating defamatory remarks made during a court proceeding would lead to less coverage of those proceedings. Thus, the clear upshot of the fair report privilege is to encourage media coverage of public meetings. Requiring reporters to continuously update stories on trial proceedings to account for appellate developments would disincentivize coverage of trial proceedings.

IV.     **Disposition**

Therefore, the Motion for default judgment is **DENIED WITHOUT PREJUDICE**. The Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file a First Amended Complaint by November 10, 2023. Failure to submit a First Amended Compliant by that day may result in a dismissal with prejudice.

The hearing in this matter scheduled for October 30, 2023, is **VACATED**.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                   Initials of Deputy Clerk: kdu

CIVIL-GEN