# UCLA School of Law

EUGENE VOLOKH  
GARY T. SCHWARTZ PROFESSOR OF LAW

SCHOOL OF LAW  
BOX 951476  
LOS ANGELES, CALIFORNIA 90095-1476  
(310) 206-3926  
volokh@law.ucla.edu

October 25, 2023

Re:   *Thomas v. Leagle*, No. 8:23-CV-00236-DOC-JDE

Dear Judge Carter:

*Amici* write to alert the Court to a possible error in the factual description in the Oct. 23, 2023 opinion, though one that ought not affect the bottom line. *Amici* submit this as a letter because they are not parties, and thus cannot move to amend, correct, or reconsider.

As *amici* understand the allegations of the Complaint, Leagle published a California Court of Appeal opinion, and not a trial court order:

> Defendants published and continue to publish a report on a lawsuit whose short title is *Modarres v. Thomas*, whose trial court case number was 07CC03908, and whose appellate number was G048684/G050017. A true copy of this report as posted on February 1, 2023 at www.leagle.com/decision/incaco20150413036., is attached . . . .

Compl. ¶ 6. The actual URL is https://www.leagle.com/decision/incaco20160413036, and indeed contains the California Court of Appeal *Modarres v. Thomas* opinion. The objection in the Complaint is that this appellate opinion does not note that, on remand, the case was dismissed:

> After the Court of Appeal ruled on the matter and the case was remanded to the Superior Court, the lawsuit was dismissed with prejudice, and the previous judgment was of no force and effect whatsoever. The matter published by defendants failed to disclose this fact, and created the false impression that a final judgment has issued finding that Thomas was guilty of civil fraud.

Compl. ¶ 7. (*Modarres v. Thomas* had apparently settled, which appears to have been the cause for the dismissal. *See Amezcua-Moll & Assocs., P.C. v. Thomas*, No. G061203, 2022 WL 17828976, *1 (Cal. Ct. App. Dec. 21, 2022) ("Amezcua-Moll & Associates, P.C. (the law firm) represented Farrah Modarres in an earlier lawsuit against John David Thomas; however, Modarres and Thomas settled the lawsuit without involving the law firm"); *id.* (noting that the earlier case was indeed "*Modarres v. Thomas* et al. (Apr. 13, 2016) G048684").)

October 25, 2023
Page 2

This suggests that the opinion may be mistaken in stating,

> [Leagle] published a trial court order where Plaintiff was found liable for fraud in a California state trial court. *Id.* ¶¶ 6-7. An appellate court subsequently reversed the trial court, and the case against Plaintiff was dismissed with prejudice. *Id.* Defendant did not update its report of the trial court's opinion to indicate that the opinion was reversed and Plaintiff was not liable for fraud. According to Plaintiff, the Leagle's reporting "created the false impression that a final judgment has issued finding that Thomas was guilty of civil fraud." *Id.*

Opin. at 1. Likewise, the opinion repeats later that the case is supposedly about "the trial court order" and that "the order that [Leagle] published was reversed." Opin. at 3.

*Amici* expect that the opinion in this case will be influential when future litigants file (or consider filing) similar lawsuits. *Amici* would therefore like to call this matter to the Court's attention, in case the Court agrees that the opinion merits some slight modifications.

Sincerely Yours,

s/ Eugene Volokh
UCLA School of Law
385 Charles E. Young Dr. E
Los Angeles, CA 90095
Counsel for *amici curiae*

### Certificate of Service

I certify that on October 25, 2023, I filed this document by CM/ECF, and also served it on Leagle "by accessing the 'contact us' page on its website and . . . linking" the filed documents, as apparently contemplated by this Court's order of Apr. 14, 2023 (ECF No. 17).

s/ Eugene Volokh